### STEINMAN v. UNITED STATES (No. 916).[1]

EMBOSSED PAPER WITH A STAMPED DESIGN.
> Besides the corrugated and embossed effect on the importation there is impressed on it a surface figure or design which makes of the paper something more than plain paper embossed.    It was properly assessed under paragraph 411, tariff act of 1909.— Dunn v. United States (2 Ct. Cust. Appls., 65; T. D. 31627).

United States Court of Customs Appeals, November 21, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28467 (T. D. 32507).

[Affirmed.]

*Brown & Gerry* for appellants.

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Thomas J. Doherty*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Certain paper intended for use as covers for books and pamphlets was classified by the collector of customs at the port of New York as paper having an embossed surface design, and was assessed for duty at 4½ cents per pound under the provisions of that part of paragraph 411, tariff act of 1909, which reads as follows:

411. * * * Papers, including wrapping paper, with the surface decorated or covered with a design, fancy effect, pattern, or character, whether produced in the pulp or otherwise, but not by lithographic process, four and one-half cents per pound; * * *.

---

[1] Reported in T. D. 32985 (23 Treas. Dec., 460).

The importer protested that the paper imported was not classifiable under the provisions of paragraph 411 and claimed that it was dutiable at 35 per cent ad valorem as paper embossed within the intention of the proviso to paragraph 415, tariff act of 1909, which in part reads as follows:

415. Jacquard designs on ruled paper, * * *, thirty-five per centum ad valorem; * * *; paper not specially provided for in this section, thirty per centum ad valorem: *Provided,* That paper embossed, or cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, * * *, and not specially provided for in this section, shall be dutiable at thirty-five per centum ad valorem; * * *.

The Board of General Appraisers overruled the protest and the importer appealed.

The record in this case is rather meager and leaves the court with no information as to the nature and character of the merchandise other than that afforded by the sample, the return of the appraiser, and the testimony of one witness, which went no further than the identification of the sample. As appears from the exhibit in evidence, the surface of the paper imported is marked with very fine corrugations, interrupted by an embossed design of thorny tendrils, which, crossing and recrossing the whole surface, divide it into a number of small corrugated spaces, bounded by a corresponding number of thornlike wreaths. Whether the paper was first corrugated and then embossed, or whether the corrugated effect and the embossed wreaths were the result of a single embossing operation, is not disclosed by the record. We are, therefore, not in a position to say whether the embossed work was or was not imposed on plain paper, as contended by the importer. But even if we assumed that the paper embossed was plain paper and that plain paper embossed is not provided for in paragraph 411, but in the proviso to paragraph 415, we could not sustain the importer's contention. Besides the corrugated and embossed effect there is impressed on the paper a surface figure or design which makes the paper something more than plain paper embossed. Subsequent to the corrugating and embossing of the paper it was apparently passed between rollers or under a stamp bearing a pattern in relief, which flattened out a part of the corrugated and embossed surface and thus imposed on the paper a decorative figure or design. This figure or design is perceptible only in certain lights. It is none the less a genuine figure or design and in our opinion subjects the importation at least to the duty imposed by that part of paragraph 411 above quoted. We think this case is within the principle laid down in Dunn *v.* United States (2 Ct. Cust. Appls., 65; T. D. 31627), and the decision of the board is, therefore, *affirmed.*